IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CW PRODESIGN LLC, an Illinois Limited Liability Company, and NICK SPALLONE, an individual<br><br>Plaintiffs,<br><br>v.<br><br>JAY SEEWALD, an individual, and 8405 EXPRESS WASH LLC, a Florida limited liability company<br><br>Defendants. | Case No. 25-cv-02055<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiffs CW Pro Design LLC (CWPD) and Nick Spallone[1] bring this action against Defendants Jay Seewald and 8405 Express Wash LLC alleging breach of contract in a one count complaint. Defendants move to dismiss the complaint for lack of personal jurisdiction under FRCP 12(b)(2) and improper venue under FRCP 12(b)(3). [14]. Alternatively, Defendants move to have the case transferred to the Middle District of Florida. *Id*. For reasons stated herein, Defendants' motion to dismiss for lack of jurisdiction and improper venue [14] is denied. Defendants' motion, in the alternative, to transfer venue Defendants' motion to transfer venue, pursuant to 28 U.S.C. §1404(a), to the Middle District of Florida is taken under advisement.

I. Background

---

[1] Oddly, Spallone is named in the caption of the Complaint but is not identified as a party in the body of the complaint. [1-1] at 4-8. The Court will refer to the Plaintiffs as CWPD.

1

As is the practice when considering motions to dismiss, the Court accepts factual allegations from the Complaint as true. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). In addressing the question of personal jurisdiction and venue, it is well-settled that the Court may consider affidavits from the parties. *Felland v. Clifton,* 682 F.3d 665, 672 (7th Cir. 2012). Both parties have submitted affidavits. *See* Affidavit of Jay Seewald, [14-1]) and Affidavit of Nick Spallone, [17-1]. The Court reads the Complaint liberally and draws every reasonable inference in favor of the plaintiff. *Central States, Se. & SW Areas Pension Fund v. Phencorp Reinsurance Co.,* 440 F.3d 879, 878 (7th Cir. 2006) (internal citation omitted). Once the defendant has submitted evidence in opposition to the Court's exercise of jurisdiction, the "plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 783 (7th Cir. 2003). Any dispute concerning relevant facts is resolved in favor of the plaintiff. *Id.* at 782-83.

This dispute arises from a dispute over payments related to services CWPD rendered to design and develop Defendants' car washes in Florida. [1-1] at ¶¶ 15-17. CWPD is an Illinois limited liability company located in Chicago, Illinois. *Id.* at ¶ 2. Defendant Jay Seewald is a resident of the state of Florida. *Id.* at ¶ 4. Defendant 8405 Express Wash LLC is a limited liability company in Florida, formed for the sole purpose of operating a car wash facility in Jacksonville, Florida. *Id.* at ¶¶ 6-7.

*The Consulting Agreements*

On May 14, 2021, CWPD and Seewald entered into a Consulting Agreement for a carwash at 8405 Beach Boulevard in Jacksonville, Florida. [1-1] at ¶ 15. On May 31, 2023, CWPD and Seewald entered into a second Consulting Agreement for the development of a property at 2111 E. Busch Boulevard in Tampa, Florida. *Id*. at ¶ 16. Pursuant to the Consulting Agreements, CWPD was to obtain all zoning approvals and permit approvals. *Id*. at ¶¶ 17-19. Thereafter, the parties would begin the development phase. *Id*. at ¶ 20. CWPD obtained all zoning and permitting requirements for the Jacksonville facility in January 2022. *Id*. at ¶ 22.

According to the Complaint, Seewald delayed making payments to CWPD during the first phase of zoning and permitting, but CWPD continued to work with Seewald into the development phase. *Id*. at ¶¶ 23-25. In addition, CWPD typically required an 8% development fee of the total project cost for development services, but because Seewald intended to develop two sites (Jacksonville and Tampa), CWPD reduced its fee to 6%. *Id*. at ¶¶ 26-27. Despite CWPD's consistent communication with Seewald, he delayed moving forward on the Jacksonville project, causing some of the permits to expire or require code changes. *Id*. at ¶¶ at 28-29. Seewald and 8405 Express further took over one year to obtain financing and to hire their own general contractor, outside of CWPD's "ready general contractor". *Id*. at ¶ 30.

*The Development Agreement*

On May 15, 2023, CWPD and Seewald entered into a Development Service Agreement for the Jacksonville site whereby CWPD was contracted to provide project management services. *Id*. at ¶ 31. Because of Seewald's delays, the service was

3

completed at an hourly rate plus third party costs. *Id*. at ¶¶ 34-35. Shortly after this Agreement was signed, construction began. *Id*. at ¶ 36. The Development Service Agreement is governed by Illinois law. *Id*. at ¶32.

According to the Complaint, Seewald submitted inaccurate or unknown project calculations, obtained bids for general contractors and equipment without the written consent of CWPD, and delayed and sometimes refused to pay for work completed. *Id*. at ¶¶ 40, 41, 48, 58-62. Ultimately Seewald refused to move forward on the Tampa location and has refused to pay remaining invoices submitted by CWPD. *Id*. at ¶¶ 67-70.

*The Affidavits*

According to Seewald's affidavit, in the spring of 2021, he found CWPD through a Facebook advertisement from his home in Florida. [14-1] at ¶ 8. He scheduled a telephone phone call with CWPD from his home in Florida. *Id*. at ¶ 9. He had several telephone calls with Nick Spallone and others from CWPD to negotiate the two consulting agreements and a development service agreement at issue in the case. *Id*.

Nick Spallone agrees that the parties communicated via telephone between Illinois and Florida to negotiate the various agreements, ([17-1] at ¶¶ 10, 15-18, 22). He adds that during the parties' relationship he and Seewald exchanged thousands of email communications. *Id*. at ¶¶ 10, 22. Between 2021 and 2024, Seewald and 8405 Express mailed CWPD several checks and pay applications to CWPD's offices in Illinois, totaling approximately $2,224,470. *Id*. at ¶¶ 11-12, 23.

4

It is undisputed that neither Seewald nor anyone on behalf of his car washes ever traveled to Illinois for any reason related to 8405 Express, or the other contracted location, 2111 Express. [14-1] at ¶ 16. Conversely, CWPD sent its Illinois employees to Florida during the course of the project. *Id*. at ¶ 27. As to third-parties, the general contractor, Kacher Construction Inc. ("Kacher"), is owned by James Waldron who is a Florida resident, had direct communication with CWPD. *Id*. at ¶ 18, 20-21. Furthermore, all of the subcontractors are based in Florida. *Id*. at ¶ 30.

CWPD filed this suit on November 20, 2024, in the Circuit Court of Cook County. [1-1]. Seewald and 8405 Express removed the case to federal court and moved to dismiss, or in the alternative, transfer venue. [14].

II.     Standard

Under Rule 12(b)(2), a court may dismiss a claim for lack of personal jurisdiction over the defendant. The plaintiff need not allege facts concerning personal jurisdiction in the complaint, but "once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (quoting *Purdue*, 338 F.3d at 782 (7th Cir. 2003)). When a court rules on a Rule 12(b)(2) motion based upon written submissions without holding an evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction. *Curry, LLC*, 949 F.3d at 392–93; *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009).

Under Rule 12(b)(3), a party may move to dismiss a claim for improper venue. It is the plaintiff's responsibility to establish that venue is proper. *Playboy Enterprises Int'l, Inc. v. Smartitan (Singapore) PTE Ltd.*, 804 F. Supp. 2d 730, 737 (N.D. Ill. 2011). Venue can be proper in more than one district. *See Armstrong v. LaSalle Bank Nat'l Ass'n,* 552 F.3d 613, 617 (7th Cir. 2009).

If this Court finds that venue is proper, the Defendants request that the case be transferred to the Middle District of Florida for the convenience of the parties and the witnesses. *Id*. In making this determination, the Court considers whether (1) the transferor district is a proper venue; (2) the transferee district is a proper venue and has jurisdiction; and (3) transferring the case serves the interest of justice and the convenience of the parties and witnesses. *See Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992).

**III.** **Analysis**

**A. The Court has personal jurisdiction over Defendants.**

Defendants argue that the Court lacks personal jurisdiction over Seewald and 8405 Express because the Agreements were initiated remotely, all communications were conducted electronically or via phone, the parties did not meet in person until January 2024 in Florida, and the Agreements required CWPD to perform and deliver services in Florida. [14] at 6. CWPD responds that the Court's jurisdiction rests on the fact that Defendants purposefully availed themselves of Illinois by reaching out to CWPD in Illinois, exchanging thousands of emails and phone calls with CWPD in Illinois, negotiating a contract with an Illinois choice-of-law clause, and paying

6

hundreds of thousands of dollars to CWPD in Illinois. [17] at 4-8. The Court agrees with CWPD.

Absent a federal statute specifying otherwise, personal jurisdiction is governed by the law of the forum state. Fed. R. Civ. P. 4(k)(1)(A). The Illinois long-arm statute extends jurisdiction as far as is permitted by the Fourteenth Amendment's Due Process Clause. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The defendant need not have been physically present in the forum state for jurisdiction to satisfy due process. *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Instead, "[t]he key question is . . . whether the defendants have sufficient 'minimum contacts' with Illinois such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 700-01 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction is established in one of two ways: general or specific jurisdiction. *Id*. CWPD concedes that the Court does not have general jurisdiction over Defendants. [17] at 4. The Court thus focuses on specific jurisdiction.

In evaluating whether it has specific jurisdiction over a defendant, the Court must find "three essential requirements." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).

> First, the defendant's contacts with the forum state must show that it "purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state." Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019) (quoting *Felland*, 682 F.3d at 673).

In breach of contract cases the analysis "generally turns on whether the defendant purposefully availed himself of the privilege of conducting business in the forum state." *Felland*, 682 F.3d at 674. (internal citations omitted).

To determine whether the defendant purposefully availed itself of conducting business in Illinois, this Court looks to several factors including: where the contract was negotiated; where payment was made; whether the defendant visited the state; whether the defendant initiated the transaction; and whether there were telephone calls into or out of Illinois. *Tata Int'l Metals, (Americas) Ltd. v. Kurt Orban Partners*, LLC, No. 19 C 4487, 2020 WL 5056398, at *3 (N.D. Ill. Aug. 27, 2020). Importantly, "[n]one of these factors alone is necessarily sufficient for the court to exercise personal jurisdiction, but each is relevant and can support an exercise of jurisdiction." *AS Engine Leasing, LLC v. Vision Airlines, Inc.*, No. 14 C 1436, 2014 WL 6461760, at *3 (N.D. Ill. Nov. 18, 2014). When a defendant "seeks out contacts with the forum resident, initiates negotiations, and actively pursues them" in the forum, that can be enough to establish personal jurisdiction. *ABN AMRO, Inc. v. Capital Int'l Ltd.*, 595 F. Supp. 2d 805, 827 (N.D. Ill. 2008).

Here, it is undisputed that Seewald affirmatively reached out to CWPD, an Illinois company, for consulting services to design and render car washes. *See WAV, Inc. v. Walpole Island First Nation*, 47 F. Supp. 3d 720, 726 (N.D. Ill. 2014) (finding specific jurisdiction where the defendant initiated the business relationship) citing *Heritage House Restaurants, Inc. v. Continental Funding Grp., Inc.,*, 906 F.2d 276, 284 (7th Cir. 1990) (where a defendant has "knowingly has reached out to [a]

8

corporation and created a continuing relationship or obligation, it is subject to the jurisdiction of Illinois courts"). The parties also engaged in extensive negotiations telephonically and by email to execute three separate agreements. These communications included thousands of emails and text messages to CWPD in Illinois, further supporting jurisdiction. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 479-81 (1985) (finding specific jurisdiction where the defendant franchisee had regular direct communications with the plaintiff's Florida office via telephone and mail). These lengthy communications separately support that Defendants were active purchasers,[2] "engag[ing] in extensive negotiations for a customized service provided by an Illinois company… with whom litigation was foreseeable". *WAV, Inc.*, 47 F. Supp. 3d at 728. Further supporting jurisdiction, Seewald sent payments to CWPD in Illinois and agreed to an Illinois choice of law clause for one of the Consulting Agreements and the sole Development Services Agreement.

Seewald argues that defendants never visited Illinois, weighing against personal jurisdiction. This argument is unpersuasive. In *3DD LLC v. Creative Visions, Inc.*, 2021 WL 83504 (N.D. Ill. Jan. 11, 2021), the court found personal jurisdiction over the defendant was proper, despite the defendant never being personally present in the state. There, as here, the defendant affirmatively reached out to the plaintiff, an Illinois based company. *Id.* at *3. The Court reasoned, "while

---

[2] Illinois law distinguishes between out-of-state "active purchasers" and out-of-state "passive purchasers". *Tata International Metals*, 482 F. Supp.3d 737, 747 (N.D. Ill. 2020). An active purchaser "dictates or vigorously negotiates contract terms." *Abbott Lab'ys, Inc. v. BioValve Techs., Inc.*, 543 F. Supp. 2d 913, 924 (N.D. Ill. 2008). A passive purchaser "merely places an order for goods…" and is "not typically subject to personal jurisdiction." *Id*.

it is true that no employee of [defendant] physically visited Illinois, [defendant] negotiated a complicated and valuable business deal with an Illinois firm through email and telephone. A holistic analysis finds that [defendant] 'purposefully availed' itself of Illinois." *Id*. So too here.

Finally, the same analysis satisfies the second and third requirements for specific jurisdiction. As to the second prong, CWPD alleges that it was injured by Defendants' breach of contract. The breach of contract claim therefore arises out of Defendants' contact with an Illinois based company. Put another way, but for Seewald and Express 8405's forum-related activities, there would be no cause of action. As to the third prong, Illinois has an interest in resolving an Illinois breach of contract issue, thereby comporting with fair play and substantial justice. *See Lukas Mktg. v. Prince George's Cmty. Coll.*, 2013 WL 5818592, at *7–8 (N.D. Ill. Oct. 29, 2013) ("Illinois plainly has an interest in enforcing commercial transactions to which its citizens are a party.").

Specific personal jurisdiction over both defendants is present here.

### B. This Court is a proper venue for the case.

Defendants argue that venue is improper in the Northern District of Illinois because the case arises out of construction disputes that occurred in Florida. [14] at 12. CWPD responds that venue is proper over 8405 Express because it is an institutional defendant, and over Seewald because the case is centered on Defendants' breach of contract based on their failure to pay CWPD. [17] at 9-10. The Court agrees with CWPD.

10

Venue is governed by 28 U.S.C. § 1391. The statute states that venue is proper where, among other things, the action has been brought in "a judicial district in which any defendant resides." 28 U.S.C. § 1391(b)(1). An institutional defendant is in turn defined as residing "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Venue is also proper under the statute "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." To dismiss under 12(b)(3), the plaintiff's choice of forum must "establish ... oppressiveness and vexation to a defendant ... out of all proportion to [the] plaintiff's convenience." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 (1981).

Because the Court has found personal jurisdiction exists over 8405 Express, the corporate defendant is considered a "resident" of Illinois for purposes of the venue statute. As to Seewald, Defendants argue that CWPD worked with local Florida construction crews, CWPD's performance obligations all occurred in or were solely related to Florida, and the fact that CWPD resides in Illinois is insufficient to establish venue where the facts occurred elsewhere. The Court disagrees.

The crux of the alleged breach itself, *i.e.* Seewald's failure to pay CWPD's invoices and refusal to move forward on the Tampa location, establishes venue in Illinois. *See RM Petroleum, Inc. v. LA Oasis, Inc.,* 03 C 3358, 2004 WL 406984, at *6 (N.D. Ill. 2004) (finding venue was proper in Illinois because "[i]t is the failure to pay RMP in Illinois that forms the basis of RMP's breach of contract claims against Defendants.") In short, Seewald's failure to pay invoices and the developer fee cost-

11

difference are "a substantial portion of the events" giving rise to the claim. This Court is thus a proper venue for the dispute and dismissal is not appropriate here.

## IV. Conclusion

For the stated reasons, Defendants' motion to dismiss for lack of jurisdiction and improper venue [14] is denied. Defendants' motion to transfer venue to the Middle District of Florida, pursuant to 28 U.S.C. §1404(a), is taken under advisement.

E N T E R:

Dated: October 29, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge