**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CW PRODESIGN LLC, an Illinois Limited Liability Company, and NICK SPALLONE, an individual<br><br>Plaintiffs,<br><br>v.<br><br>JAY SEEWALD, an individual, and 8405 EXPRESS WASH LLC, a Florida limited liability company<br><br>Defendants. | Case No. 25-cv-02055<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs CW Pro Design LLC (CWPD) and Nick Spallone bring this action against Defendants Jay Seewald and 8405 Express Wash LLC alleging breach of three separate contracts, fraud, and unjust enrichment in an amended complaint. [29]. Defendants filed a counterclaim alleging breach of contract claims, fraud, negligence and Florida deceptive and unfair trade practices claims. [22]. Both parties seek money damages and declaratory relief. Defendants move to transfer venue, pursuant to 28 U.S.C. §1404(a), to the Middle District of Florida. [30]. For the reasons explained below, the Court grants Defendants' motion to transfer [14] and Defendants' motion to supplement their motion for forum-nonconveniens [30].

**I.    Procedural Background**

Defendants filed a motion to dismiss Plaintiffs' original complaint, or in the alternative transfer. [14]. The Court denied Defendants' motion to dismiss and took

1

the motion to transfer under advisement. [20]. The Court assumes familiarity with the facts based on that ruling. This dispute arises over payments related to services CWPD rendered to design and develop Defendants' car washes in Florida. Defendants allege that Plaintiffs erroneously designed and built car washes fit for northern climates and wholly unfit for Express Wash's Florida location. *Id*. Consequently, Express Wash was forced to hire individuals to correct and complete the defective work after Plaintiffs abandoned the project. *Id*.

The Court previously found that it had proper jurisdiction over Defendants and venue is proper in the Northern District of Illinois and the Middle District of Florida. [20] at 6-12. It deferred ruling on the Defendants request to transfer venue to the Middle District of Florida, pursuant to 28 U.S.C. §1404(a), based on the facts as alleged in the Plaintiffs' Complaint. After countersuing, Defendants supplemented their motion to transfer for forum-nonconveniens. [30]

## II.  Standard

28 U.S.C. § 1404(a) permits district courts to transfer civil cases to other districts where venue would be appropriate "[f]or the convenience of the parties and witnesses." The doctrine of forum non-conveniens permits a district court to transfer an action over which it has jurisdiction where there is a more convenient and adequate alternative forum. *Kamel v. Hill–Rom Co., Inc.,* 108 F.3d 799, 802 (7th Cir. 1997). The party seeking a Section 1404(a) transfer bears the burden of showing that "the transferee forum is clearly more convenient" than the transferor forum. *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir. 1989) (citing *Coffey*

2

*v. Van Dorn Iron Works, supra,* 796 F.2d 217, 219–20 (7th Cir. 1986)). And while "[d]istrict courts have broad discretion to grant or deny" such a motion, *id.*, it is not proper to transfer if it just trades an inconvenience for the defendant into an inconvenience for the plaintiff.

In deciding the issue, the Court must first determine that there is an adequate alternative forum available to hear the case. As the Court explained in its previous order, 28 U.S.C. § 1391 governs venue and provides that venue is proper where, among other things, the action has been brought in "a judicial district in which any defendant resides." 28 U.S.C. § 1391(b)(1). [20] at 11. There is no dispute that Defendants reside in the Middle District of Florida. Plaintiffs do not assert otherwise. Because that criterion is satisfied, the Court moves on to balance the litigants' private interests and the forums' public interests to determine which venue is better suited to hear the dispute. *Kamel,* 108 F.3d at 803.

> The *Kamel* court instructed that the
>
> factors pertaining to the private interests of the litigants include the relative ease of access to sources of proof; availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possibility of viewing the premises, if necessary; and all other practical problems that make trial of a case easy, efficient and economical.

108 F.3d at 803. *Kamel* went on to explain the public factors as

> administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.*

### III.   Discussion

Here, both the public and private interests weigh in favor of transferring the case to the Middle District of Florida. As to private interests, relative ease of access to witnesses and availability of the compulsory process for unwilling witnesses substantially moves the needle in favor of transfer. CWPD and Defendants both identify witnesses in their home state who are critical to their case. [30], [32]. Defendants argue that the case should be transferred, however, because their witnesses are outside this Court's subpoena power, and if this matter were transferred, both parties would have a greater likelihood of securing their respective witnesses' testimony. [35] at 8. The Court agrees with Defendants.

Defendants assert that the essential witnesses have expressed their reluctance to disrupt their lives to travel to Illinois to testify about their work performed in Florida. [35] at 5. Defendants' filings have identified six to eight witnesses: Defendant Seewald (the owner), James Waldron (the general contractor), inspectors, engineers, and subcontractors for both the Jacksonville and Tampa location. All these individuals reside in Florida.

In response, CWPD has identified at least eight witnesses who were subcontractors, including engineers, architects, and designers, all residing in Illinois. [32] at 3-4. CWPD further identifies seven (7) employee witnesses, including Spallone (Plaintiff and owner of CWPD), Mike Tinsley (COO), Les Zemba (Director of Construction), general counsel, an in-house graphic designer, and two other

employees. While both parties have critical witnesses living in their home state, and shifting the inconvenience from one party to another is not enough to warrant transfer of suit, *see Heller Fin.*, 883 F.2d at 1294, it is presumed that several of CWPD's witnesses will appear voluntarily because they are CWPD's employees. *First Nat. Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006) (more weight is given to non-party witnesses than witnesses within the control of the parties because they are more likely to appear voluntarily.) Presumably, CWPD will support (if not require) their employees to travel to Florida to testify in this matter. *Sterling Novelty, Inc. v. Smith*, 700 F. Supp. 408, 410 (N.D. Ill. 1988) (granting the motion to transfer because plaintiff's employees have incentive to testify in Colorado). The non-employee witnesses are presumed to have an interest in testifying for CWPD because there is an ongoing professional and business relationship. Moreover, these non-employee witnesses directed their business activities toward Florida by participating in the design, permitting, and construction of car washes in Florida for a Florida-based client, moderately supporting transfer.

In contrast, all of Defendants' witnesses (besides Seewald), are squarely outside of this Court's subpoena power and do not have even minimum contacts with Illinois, and they are not employed or controlled by the Defendants. Indeed, Defendants have represented that the witnesses expressed their reluctance to testify in Illinois, ([35] at 5), and the Court cannot compel them to do so. Only Seewald is subject to the jurisdiction of the court. The lack of these witnesses would prejudice

Defendants' prosecution of their claims. Here, private interests weigh heavily in favor of transfer.

In addition, if it is necessary to visit the locations, particularly for experts, the location of the car washes are both in the Middle District of Florida.

The public interests support transferring the case as well. In this case, the Development Service Agreement controls, which has an Illinois choice-of-law clause, weighing in favor of keeping the case in the Northern District of Illinois. However, following a § 1404(a) transfer, the transferee court is required to apply the choice-of-law rules of the original forum state. *Ferens v. John Deere Co.*, 494 U.S. 516, 528 (1990). The Middle District of Florida is fully capable of applying Illinois choice-of-law rules to resolve the breach of contract claims. *See Hinc v. Lime-O-Sol Co.*, 382 F.3d 716, 719 (7th Cir. 2004).

However, Defendants have filed a counterclaim requesting a declaratory judgment that CWPD essentially engaged in the practice of architecture without a license.[1] [22] at 9-12. Defendants also allege Plaintiffs engaged in deceptive trade practices under Florida law. While this Court is doubtless up to the task of applying Florida's specific laws, these counterclaims tip the scale further in favor of transfer. There is some benefit to the public gained to have the matter heard in Florida when

---

[1] Prior to the counterclaim being filed, this was a contract dispute, and it was unclear how the Florida witnesses regarding the alleged failed workmanship would be necessary. Instead, both parties had critical witnesses living in their home state. The Court is convinced that the addition of the counterclaims puts the work performed and the cited local regulatory requirements more squarely at issue.

6

the Florida statutes governing professional licensing and fraud in business dealing is at issue.

Accordingly, the Court transfers the case to the Middle District of Florida, the more convenient forum.

## IV.    Conclusion

For the stated reasons, Defendants' motion to transfer [14] and supplemental motion for forum non-conveniens [30] is granted. The Court transfers the case to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).

E N T E R:

Dated: June 23, 2026

Mary M Rowland

MARY M. ROWLAND
United States District Judge

7